UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MERFISH PIPE & SUPPLY MANAGEMENT LLC,<br>*Plaintiff*, | § § § | |
| v. | § § | |
| M/V WASHINGTON RAINBOW II, *in rem*,<br>her engines, tackle, and apparel, et al. | § § § | CIVIL ACTION H-06-1073 |
| v. | § § § | |
| J.G. GOUMAS (SHIPPING) CO., S.A., et al.<br>*Defendants*. | § § § | |

### ORDER

Before the court is the Motion to Compel Arbitration, and Stay Litigation of Certain Claims Pending Arbitration (Dkt. 36) filed by defendant Western Bulk Carriers GmbH ("WBC"). The motion seeks an order compelling arbitration of the cross claims filed against WBC by J.G. Goumas (Shipping) Co., S.A. ("Goumas") and Kambanos Maritime Ltd. ("Kambanos") and a stay of those cross claims pending arbitration.

No response to the motion has been filed by Goumas or Kambanos. Under the local rules, failure to respond to a motion will be taken as a representation of no opposition. Loc. R. 7.4.

Arbitration clauses are presumptively valid and should be enforced unless the party resisting arbitration carries its heavy burden of proving that enforcement is unreasonable. *M/S BREMEN v. Zapata Offshore Co.,* 407 U.S. 1, 10, 12-13 (1973). The cross claims of Goumas and Kambanos fall within the scope of the broad arbitration clause found in the Time Charter executed by WBC, Goumas, and Kambanos. Both have benefitted from the Time Charter and rely, at least in part, upon the charterparty to pursue relief against WBC. It is irrelevant that there are other parties to this action who are not parties to the arbitration agreement.

Having considered the pleadings, authorities and arguments presented by the parties, the court concludes that Goumas and Kambanos have failed to carry their heavy burden of proving that enforcement of the arbitration clause would be unreasonable or improper under 9 U.S.C. § 3. Therefore, WBC's motion to compel arbitration and stay the cross claims asserted against it by Goumas and Kambanos is GRANTED.

It is therefore ORDERED

1.	That Goumas and Kambanos are COMPELLED to arbitrate their claims with WBC arising from this matter pursuant to the London Maritime Arbitrators Association terms as required under Paragraph 17 of the Time Charter;

2.	The claims asserted against WBC by Goumas and Kambanos in this suit are STAYED; and

3.	The court RETAINS jurisdiction to the extent required to enforce any award which may be issued in the London arbitration proceeding concerning the cargo claim of the plaintiff.

Signed at Houston, Texas on January 18, 2007.

_____
Gray H. Miller
United States District Judge